### Queries [by Clayton].

1. Whether the right of establishing an antecedent jurisdiction does not in effect remove the constitutional barrier of a jury trial, for if one jurisdiction proceeding without trial by jury is constitutional, twenty successive appellate jurisdictions proceeding in the same summary manner might be established, and a jury be thus placed at such an immeasurable distance as effectually to preclude a resort to it.

2. Whether the twelfth section of the Act of 1818 does not render that Act unconstitutional, for it denies the right of appeal in an event which may happen in every case that can arise under it. Can a law be constitutional which is not so under every possible circumstance? Can the Act be said to be valid if perchance there are no referees appointed, or if they are appointed and happen to award more to the plaintiff than $15.00? And can the same law be declared void in the event of referees being appointed and of their awarding less than $15.00 to the plaintiff? Can the peculiar circumstances of the case provided for by the Act make it void and the same Act be valid as to the same case under other circumstances, when the peculiar circumstances rendering it void may happen in every case that can arise under the Act?

## LYDIA WATERS v. JONATHAN CRAWFORD.

Court of Common Pleas. c. 1814–1818.

*Clayton's Notebook, 176.*

*Clayton* for the respondent moved to dismiss the appeal. An appeal does not lie in cases determined on the report of auditors where the debt and damages do not exceed £5, 2 Del.Laws 1046,

c. 250, s. 12. And the amount of the debt and damages cannot be shown by any matter *dehors* the record to be greater than five pounds, so that, if upon the report of referees judgment be rendered for the defendant or for the plaintiff and for less than £5 in amount, no appeal lies from the court below: and so it was adjudged in [——] [1] he said.

*Ridgely, contra.* The construction of the Act contended for leads to this gross absurdity, that the greater the injury the plaintiff suffers from the report, the less right has he to a remedy. Suppose plaintiff claims $50.00 and recovers £6, he may appeal, but if he recover nothing he cannot. The equitable and fair construction of the exception in this Act is that the amount of the debt and damages claimed must be to a greater amount than £5, and not the amount of debt and damages awarded.

PER CURIAM. There is nothing in this case to distinguish it from those cited by the counsel for the respondent.

Appeal dismissed.

### GILDER'S ADMINISTRATORS v. GILDER.

Court of Common Pleas. Kent. November, 1814.

*Clayton's Notebook, 177.*

PER CURIAM. The settlement is *prima facie* evidence and may be read to the jury.

---

[1] Blank in manuscript.